**JAMISON & HARRIS and Brantly Harris, Appellants,**

v.

**NATIONAL LOAN INVESTORS, Appellee.**

No. 14–96–00166–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1997.

Rehearing Overruled March 13, 1997.

Brantly Harris, Houston, for appellants.

James L. Hordern, Jr., Houston, for appellee.

Before AMIDEI, LEE and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Jamison and Harris, a partnership, and Brantly Harris, individually, appeal a judgment confirming an arbitration award. In two points of error, appellants contend the trial court erred in overruling appellants' motion to vacate the arbitration award and in refusing to hear appellants' evidence on the motion to vacate the arbitration award. We affirm.

Appellee sued appellants on two notes payable to the First Interstate Bank of Texas, N.A. (Bank). The notes were assigned to appellee by the Bank and were in default for nonpayment at maturity. The notes contained an agreement for binding arbitration and the trial court granted appellants' motion to compel arbitration. The arbitration resulted in an award to appellee on the two notes totaling $303,394.14, plus interest and costs. Thereafter, appellants filed a motion to vacate the arbitration award in the trial court alleging (1) the arbitrator refused to hear evidence in support of appellants' claim and, (2) the arbitrator made errors of substantive law in making his award. Appellee

responded to appellants' motion to vacate with its motion to confirm the award and objected to appellants' conclusory allegations and defective affidavit in support of their motion to vacate. Appellee claimed appellants waived all claims of error because they failed to provide a record of the arbitration proceedings establishing their basis of relief. Specifically, appellee contended that (1) appellants did not identify any evidence the arbitrator refused to hear and, (2) an arbitrator's mistakes of law are not subject to review under Texas law.

In point of error one, appellants claim the trial court erred in overruling appellants' motion to vacate because: (1) the arbitrator refused to grant an evidentiary hearing thinking summary judgment was proper procedure; (2) the arbitrator disregarded substantive law of proof of fraud in the inducement in the execution of the notes and disregarded appellants' claim of partial discharge by release of one of the parties to the notes pursuant to TEX. BUS & COM.CODE ANN. § 3.606(a)(2) (Vernon 1987).

Appellant furnished no record of the arbitration proceedings to establish their claim that the arbitrator refused to hear evidence on their claims and relied on summary judgment procedure to enter an award. Without a record of the arbitration proceedings, we are unable to determine what evidence the arbitrator refused to hear or what evidence was offered before the arbitrator. Without a transcription of the arbitration proceedings, we must presume the evidence was adequate to support the award. *Kline v. O'Quinn,* 874 S.W.2d 776, 783 (Tex.App.— Houston [14th Dist.], writ denied), *cert. denied,* —— U.S. ——, 115 S.Ct. 2579, 132 L.Ed.2d 829 (1995). *See also Shulte v. Hoffman,* 18 Tex. 678, 682 (1857) (party's own affidavit that arbitrators did not give due weight to the evidence before them, is insufficient ground to set aside the award). Appellants' sub-point of error, in point of error one, claiming the arbitrator refused to hear evidence and relied on summary judgment procedure is overruled.

Appellants argue the arbitrator committed errors in substantive law by refusing to admit evidence of fraud in the inducement in the execution of the notes and further refused to admit evidence of partial discharge of the notes by release of one of the parties to the note pursuant to section 3.606(a)(2), Texas Business and Commerce Code (which section was deleted effective September 1, 1996). These alleged errors in the application of substantive law by the arbitrators during the proceedings in arbitration are not reviewable by the court on a motion to vacate an award. A mistake of fact or law is insufficient to set aside an arbitration award. *Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 266 (Tex.App.— Houston [14th Dist.] 1995, no writ).

The court may vacate an award or decision *only* if (1) the award was procured by fraud, corruption, or other undue means; (2) there was evident partiality, corruption, or willful misconduct by the arbitrator that prejudiced the rights of a party; (3) the arbitrator exceeded his power; (4) the arbitrator refused to postpone the hearing on good cause shown, or refused to hear evidence; or (5) there was no valid arbitration agreement, and the issue was not adversely determined in proceedings to stay the arbitration and the complaining party did not participate in the arbitration without raising the objection. TEX.CIV.PRAC. & REM.CODE ANN. § 171.014 (Vernon Supp.1996); *Holk v. Biard,* 920 S.W.2d 803, 806–07 (Tex.App.—Texarkana 1996), *motion for mandamus overruled.*

An arbitrator's award has the same effect as a judgment of a court of last resort, and the trial judge may not substitute his judgment for the arbitrator's merely because he would have reached a different conclusion. *Holk,* 920 S.W.2d at 806. In addition to furnishing no record of the arbitration proceedings to substantiate their claim of refusal to hear evidence, appellants presented no reviewable claim to the trial court or to this court that come within section 171.014, Texas Civil Practices and Remedies Code. Appellants' point of error one is overruled.

In point of error two, appellants argue the trial court erred by refusing to admit evidence offered by appellants at the hearing on the motion to vacate. Appellants made a bill of exceptions for this evidence not admit-

738

ted by the trial court consisting of: (1) First Interstate arbitration program; (2) appellants' statement of claim submitted to the arbitrator; (3) appellants' response to appellee's motion for summary judgment filed in the arbitration proceedings; (4) appellants' second response to appellee's motion for summary judgment filed in the arbitration proceedings; (5) appellants' post-submission brief filed in the arbitration proceedings; (6) commercial arbitration rules of the American Arbitration Association. None of this evidence is relevant to the grounds on which a court may vacate an award under section 171.014, Texas Civil Practices and Remedies Code, as set out in this opinion. The trial court properly refused to admit this evidence. Appellants' point of error two is overruled and the judgment of the trial court is affirmed.