11th
Court of Appeals

 Eastland,
Texas

          Opinion

 

Ketan Thakkar d/b/a Parkway Food Mart et al

Appellants

Vs.                   No.
11-00-00220-CV B Appeal from Fort Bend County

Niranjan S. Patel and Parkway Retail Center, Inc.

Appellees

 

This is an appeal from a judgment that, based
upon a stipulation of the parties, includes a calculation of profits by an
arbitrator.  Appellants, Ketan Thakkar
d/b/a Parkway Food Mart, Mukkesh Thakkar, Deepak Thakkar, and Bharat Thakkar,
appeal the judgment in favor of appellees, Niranjan S. Patel and Parkway Retail
Center, Inc.  We affirm.

Several issues regarding the parties= ownership and participation agreements in a
retail center were submitted to the jury. 
Those specific jury findings are not in issue in this appeal.  Appellants= complaints are directed to the findings by the arbitrator.  The parties agreed in open court that they
would be bound by the findings of the arbitrator as to the calculation of
profits and the participation damages of the parties.

The stipulation made in open court and
entered in the record did not state whether the arbitration was to be conducted
under common law or statutory law.

The court in L. H. Lacy Co. v. City of
Lubbock, 559 S.W.2d 348 (Tex.1977), stated that, whether the parties had in
view a statutory or a common-law arbitration, has been held to be immaterial if
the proceedings can be upheld under either system.  We will discuss both common-law arbitration and statutory
arbitration.

Appellants challenge the arbitrator=s profit participation findings and argue
that the arbitrator miscalculated certain findings.








A common-law arbitrator=s award may be set aside by showing that the
arbitrator was guilty of fraud, misconduct, or such gross mistake as would
imply bad faith or failure to exercise honest judgment.  City of San Antonio v. McKenzie Const. Co.,
150 S.W.2d 989 (Tex.1941); and Bailey and Williams v. Westfall, 727 S.W.2d 86
(Tex.App. - Dallas 1987, writ ref=d n.r.e.).  It is well
established that a mere mistake of fact or law is insufficient to set aside an
arbitration award.  Jamison & Harris
v. National Loan Investors, 939 S.W.2d 735 (Tex.App. - Houston [14th Dist.]
1997, writ den=d); J.J. Gregory Gourmet Services, Inc. v.
Antone=s Import Company, 927 S.W.2d 31 (Tex.App. -
Houston [1st Dist.]1995, no writ); Anzilotti v. Gene D. Liggin, Inc., 899
S.W.2d 264 (Tex.App. - Houston [14th Dist.] 1995, no writ).

We note that appellants did not comply with
the procedural requirements when a party seeks to modify, correct, or vacate an
arbitrator=s award. 
TEX. CIV. PRAC. & REM. CODE ANN. '' 171.054, 171.088, & 171.091 (Vernon Supp. 2002).  Furthermore, appellants have not shown that
the arbitrator=s findings resulted in an Aevident miscalculation of numbers@ as required in Section 171.091(a)(1)(A) to
modify or correct an award.  Riha v.
Smulcer, 843 S.W.2d 289 (Tex.App. - Houston [14th Dist.] 1992, writ den=d).

Finally, without a record of the arbitration
proceeding, we must presume that the evidence before the arbitrator was adequate
to support the award.  Jamison &
Harris v. National Loan Investors, supra. 
Appellants=
points of error are overruled.

The judgment of the trial court is affirmed.

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

April 4, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.