Opinion issued January 17, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00855-CV

———————————

## JOHN PURSE, Appellant

## V.

## JOHN DEJESUS, Appellee

On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2017-44209

## MEMORANDUM OPINION

Appellant, John Purse, challenges the trial court's order granting the Motion to Confirm Arbitration Award of appellee, John DeJesus. In three issues, Purse contends that the trial court erred in confirming the arbitrator's award.

We affirm.

**Background**

In his Motion to Confirm Arbitration Award, DeJesus alleged that he had filed a breach-of-contract claim with the American Arbitration Association ("AAA") against Purse. DeJesus attached to his motion a copy of the parties' "Construction Contract Between Original Contractor and Owner," which states that DeJesus "agree[d] to provide labor, equipment and materials for certain construction work," i.e., "Shingle-Installation – Hail Damaged Roof Replacement," and that Purse agreed to pay DeJesus $23,842.00 "for [DeJesus]'s performance" of the construction work.[1]

On April 3, 2017, the parties had an arbitration hearing. Following the hearing, the arbitrator issued an award in favor of DeJesus, stating:

> I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between [DeJesus] and . . . Purse, and having duly heard the proofs and allegations of the [p]arties, do hereby FIND as follows:
>
> 1. That . . . Purse contracted with [DeJesus] for [DeJesus] to perform certain roofing work at 29614 Liberty Ln., Tomball, Texas ("Property").
>
> 2. That in the course of [DeJesus]'s work at the Property, sealant was transferred from the sealant strip to the face of individual ridge shingle pieces, resulting in black strips/marks, and that such condition was a cosmetic issue.

---

[1] DeJesus also attached to his motion a copy of the parties' "Addendum to Contract."

2

3.    That [DeJesus] was ready, willing and able to correct the black strips/marks and complete remaining work, including relocation of the furnace vent.

4.    That [DeJesus] did not correct the black strips/marks and complete remaining work because [he] was denied access to the Property by . . . Purse.

5.    That . . . Purse owes [DeJesus] the sum of $3,682.00, which was due on September 1, 2015.  Such sum is the "balance at closing" handwritten on the Addendum to Contract signed by . . . Purse and [DeJesus], and is the amount of . . . Purse's Check No. 1366, which includes the memo "Final Payment – Roof[.]"

Accordingly, I hereby AWARD as follows:

[DeJesus] shall recover from . . . Purse, and . . . Purse shall pay to [DeJesus], the sum of $3,682.00 as [DeJesus]'s damages, calculated as follows:

| A. | Contract Amount | $23,842.00 |
|----|----|----|
| B. | Payments and Credits | -20,160.00 |
| | Amount Due to [DeJesus] | $3,682.00 |

Additionally, [DeJesus] is awarded payment of [his] attorney's fee[s] in the amount of $3,000.00.

Interest has accrued on the Amount Due to [DeJesus] since September 1, 2015, and such accrued interest is $1,102.18 through April 30, 2017. . . . Purse shall pay [DeJesus] $1,102.18 for interest owed through April 30, 2017, together with interest at the per diem rate of $1.82 per day commencing on May 1 , 2017 until and including the date the amounts awarded to [DeJesus] herein are paid by . . . Purse to [DeJesus].

The administrative fees and expenses of the [AAA] totaling $1,550.00 and the compensation and expenses of the Arbitrator totaling $4,952.00, shall be borne entirely by . . . Purse.  Therefore, . . . Purse shall reimburse [DeJesus] the additional sum of $6,502.00, representing

3

that portion of said fees and expenses in excess of the apportioned costs previously incurred by [DeJesus].

All sums awarded herein shall be paid by . . . Purse to [DeJesus] no later than 30 days from the date of this Award.

. . . .

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

DeJesus then filed with the trial court his Motion to Confirm Arbitration Award, and Purse responded with an Original Answer, generally denying DeJesus's "allegation[s]."

**Standard of Review**

We review a trial court's decision to vacate or confirm an arbitration award de novo based on a review of the entire record. *Port Arthur Steam Energy LP v. Oxbow Calcining LLC*, 416 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). An arbitration award is presumed valid and is entitled to great deference. *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). An arbitration award has the same effect as a judgment of a court of last resort, and a reviewing court may not substitute its judgment for that of the arbitrator merely because it would have reached a different result. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002*); J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co.*, 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no writ). Every reasonable presumption must be indulged to uphold an arbitrator's

4

decision, and none is indulged against it. *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Judicial scrutiny of these awards focuses on the integrity of the arbitration process, not on the propriety of the result. *Women's Reg'l Healthcare, P.A. v. FemPartners of N. Tex., Inc.*, 175 S.W.3d 365, 367–68 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Jamison & Harris v. Nat'l Loan Inv'rs*, 939 S.W.2d 735, 737 (Tex. App.—Houston [14th Dist.] 1997, writ denied) (alleged errors in application of substantive law by arbitrators during arbitration proceedings not reviewable on motion to vacate award).

Because judicial review "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes," review of an arbitration award is "extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *Delgado*, 95 S.W.3d at 238. Review is limited such that a trial court may not vacate an arbitration award even if it is based upon a mistake of fact or law. *Universal Comput. Sys., Inc. v. Dealer Sols., L.L.C.*, 183 S.W.3d 741, 752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *J.J. Gregory*, 927 S.W.2d at 33.

### Arbitration Award

In his first, second, and third issues, Purse argues that the trial court erred in confirming the arbitrator's award because "the [AAA] exclude[d] critical evidence

5

at the [arbitration] hearing," DeJesus did not "state the . . . known truth at the [arbitration] hearing [while] under oath," and "there [is] factually [in]sufficient evidence to support the reversal of the judgment of the [AAA]."

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (pro se litigants held to same standards as licensed attorneys).

In the "Issues Presented" section of his brief, Purse lists three questions: (1) "Did the [AAA] exclude critical evidence at the hearing?"; (2) "Did [DeJesus]

6

state the God known truth at the hearing under oath?"; and (3) "Is there factually sufficient evidence to support the reversal of the judgment of the [AAA]?" Purse's brief does not provide this Court with any appropriate argument, analysis, discussion, or support for his purported "[i]ssues" on appeal.[2] *See* TEX. R. APP. P. 38.1(i); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record." (internal citation omitted)); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for [him]. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal."); *see also Mansfield State Bank*, 573 S.W.2d at 184–85; *Hopes-Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013

---

[2] We further note that Purse's assertions in the "Argument" section of his brief do not correspond to the three questions that he has designated as his "[i]ssues" on appeal. *See Hooks v. Brenham Hous. Auth.*, No. 01-17-00602-CV, 2018 WL 6061307, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.) (holding appellant waived complaints on appeal where assertions in "Argument" section of brief "d[id] not correspond to the two questions that he ha[d] designated as his issues on appeal" (internal quotations omitted)); *M.D. Mark, Inc. v. PIHI P'ship*, No. 01-98-00724-CV, 2001 WL 619604, at *11–12 (Tex. App.—Houston [1st Dist.] June 7, 2001, no pet.) (not designated for publication) (complaints not properly before appellate court where brief's argument section did not correspond "to the three points of error listed").

WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly present his case on appeal; we "may not make allowances or apply different standards for litigants appearing without . . . counsel"). And a party who does not adequately brief his complaints on appeal waives his issues. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas 2012, no pet.); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied) (we cannot remedy deficiencies in appellant's brief and argue his case for him).

Accordingly, we hold that Purse has waived his first, second, and third issues related to the trial court's confirmation of the arbitrator's award.

## Frivolous Appeal

In his appellee's brief, DeJesus contends that Purse's appeal is frivolous and asks this Court to "impose damages against" Purse. *See* TEX. R. APP. P. 45 (damages for frivolous appeals in civil cases).

After considering the record, briefs, and other papers filed in this Court, we may award a prevailing party "just damages" if we objectively determine that an appeal is frivolous. *Id.*; *see also Smith v. Brown*, 51 S.W.3d 376, 380–81 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable

8

grounds for the advocate to believe that his case could be reversed. *Smith*, 51 S.W.3d at 381. The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Id.* Notably, Texas Rule of Appellate Procedure 45 does not require the Court to award just damages in every case in which an appeal is frivolous. *Woods v. Kenner*, 501 S.W.3d 185, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

After a review of the record, briefing, and other papers filed in this Court, we deny DeJesus's request for damages. *See* TEX. R. APP. P. 45.

## Conclusion

We affirm the judgment of the trial court and deny DeJesus's request for damages under Texas Rule of Appellate Procedure 45.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.