**Affirmed and Memorandum Opinion and Memorandum Concurring Opinion filed August 8, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00560-CV

---

**DR. NESTOR MARTINEZ; NM HEALTH SERVICES-NORTH, P.A.; PAIN & RECOVERY CLINIC OF NORTH HOUSTON; AND CAGUAS CASUALTY CORP., Appellants**

**V.**

**CAPSTONE ASSOCIATED SERVICES, LTD.; CAPSTONE ASSOCIATED SERVICES (WYOMING), LIMITED PARTNERSHIP; AND CAPSTONE INSURANCE MANAGEMENT, LTD., Appellees**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2019-07407A**

---

## MEMORANDUM CONCURRING OPINION

I respectfully concur. First, I would not consider the issue of who was bound by the arbitration agreement because that was decided by the arbitrator. Appellants did not provide this court with the record from the arbitration and therefore we

presume that the evidence supports that decision. *See Jamison & Harris v. Nat'l Loan Investors*, 939 S.W.2d 735, 737 (Tex. App.—Houston [14th Dist.] 1997, writ denied).

Second, I concur on the issue of arbitrator partiality but disagree with the reasoning of the plurality. The Supreme Court has established this standard: "[A] prospective neutral arbitrator . . . exhibits evident partiality if he or she does not disclose facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality." *Burlington N. R. Co. v. TUCO, Inc.*, 960 S.W.2d 629, 636 (Tex. 1997). "[T]his evident partiality is established from the nondisclosure itself, regardless of whether the nondisclosed information necessarily establishes partiality or bias." *Id.* "While a neutral arbitrator need not disclose relationships or connections that are trivial, the conscientious arbitrator should err in favor of disclosure." *Id.* at 637.

Dion Ramos, the arbitrator, disclosed one prior arbitration with Capstone and a "professional relationship" with Paredes.

The question then is whether or not Dion Ramos's failure to disclose the following facts[1] are trivial or do not need to be disclosed at all:

a. Ramos owns some type of interest in the arbitration group, CSR. (The appellants did not establish exactly what that interest is but Ramos is contacted to set up each arbitration. Appellees suggest that Ramos could get an administrative fee from each arbitration). Capstone arbitrated ten times with that arbitration group (but with different arbitrators).
b. The lead attorney for Capstone, Paredes, works for RSL. His email suffix is @rslfundingllc.com. RSL arbitrated thirteen times with that arbitration group (twelve with other arbitrators and once with Ramos).

---

[1] I agree with the plurality that the failure to disclose a ten year old campaign party and contribution by Feldman is trivial. I also agree with the plurality on the "thousands of contracts" that list CSR as the arbitration group.

c. Paredes has arbitrated nineteen times with the arbitration group—but only once with Ramos. The record is confusing as to whether or not this is the same arbitration as in item b.

There is no Texas caselaw establishing a duty on Ramos to disclose his ownership interest in CSR, nor a duty to disclose that a party had arbitrated ten times with that arbitration group (fact a). Because we have no evidence as to the exact interest, the appellants have not proved such a duty exists.

There is no Texas caselaw establishing a duty to disclose a lead lawyer's firm's arbitrations with other arbitrators in the arbitration group (fact b). Again because we do not know the exact interest, appellants have not proved such a duty.

There is a duty to disclose a prior arbitration with lead counsel (fact c). In my opinion, the failure to disclose one arbitration (from 2013), without more, is not so egregious as to create a reasonable impression of Ramos's partiality. Therefore, I agree with the plurality and would affirm the arbitration award.

/s/     Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Zimmerer. (Wise, J., plurality). (Zimmerer, J., concurring without opinion).

3