

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00429-CV

———————————————

CHRISTIAN LAVELL JENNINGS, Appellant

V.

VANDERGRIFF HONDA, Appellee

———————————————

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-358704-24

———————————————

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Christian Lavell Jennings, proceeding pro se, appeals the trial court's "Final Take Nothing Judgment" in which it approved an arbitration award in favor of Appellee Vandergriff Honda and denied all relief to Jennings. Because we conclude that Jennings has forfeited her complaints due to inadequate briefing and that the trial court did not err when it confirmed the arbitration award, we affirm.

## I. Background

After Jennings purchased a vehicle from Vandergriff, an automobile dealership, she raised various complaints related to the sales transaction. Because the sales agreement for the purchase of the vehicle included an arbitration clause, Jennings's complaints went before an arbitrator. Proceeding pro se—despite the arbitrator's advising Jennings of the risks of doing so—Jennings filed a demand for arbitration, raising several allegations against Vandergriff, including violations of the DTPA, unfair debt collection, and breach of contract. Vandergriff answered, denied liability, asserted that Jennings had commenced arbitration for the purpose of harassment, and sought sanctions and attorney's fees.

At a final hearing before the arbitrator, Vandergriff introduced into evidence the signed sales agreement and "other documents signed in connection with the purchase." Jennings testified at the hearing but did not present any additional evidence. Following the hearing, the arbitrator issued a memorandum opinion and

award in favor of Vandergriff. In his award, the arbitrator denied all of Jennings's claims.

Vandergriff initiated this case by filing a "Petition and Motion to Confirm Arbitration Award," requesting that the trial court confirm the arbitration award and enter a take-nothing judgment against Jennings. It included with its petition the arbitration award but did not file any of the evidence presented at the arbitration hearing.

In response to Vandergriff's petition, Jennings filed a "Response in Objection and Motion to Dismiss." She requested that the trial court dismiss Vandergriff's petition, asserting that there was "pending legal action" against Vandergriff in federal court; that she had not received "proper service"; that Vandergriff's petition "constitute[d] fraud, harassment[,] and bullying"; that the arbitration award had been obtained by corruption, fraud, or other undue means; that her rights had been prejudiced by the arbitrator; and that the arbitrator had "so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not even made." As "evidence in support" of her response, Jennings merely referenced "[t]he entire record made available in the online portal with the AAA" and a USB drive. She did not include a record or transcript from the arbitration hearing, and while she attached a photocopy of a physical USB drive, she did not appear to

include any of its contents.[1] The only documents attached to her response were emails and various filings that had been filed in a case in the Northern District of Texas between the same parties.

The trial court scheduled a final hearing on Vandergriff's petition to confirm the arbitration award. Jennings objected to the hearing and notified the trial court that she would not be participating in the hearing because, according to Jennings, she was not required to participate in such proceedings while "dispositive motions remain[ed] pending."

Following the confirmation hearing, for which Jennings did not appear, the trial court entered a final take-nothing judgment in favor of Vandergriff that approved the arbitration award and denied all relief to Jennings.

## II. Discussion

In five overlapping issues, Jennings complains not of the arbitration proceedings or the award itself but of the trial court's review and confirmation of the arbitration award:

> 1. Whether the trial court erred in failing to consider or acknowledge a prior documented offer by Appellee Vandergriff Honda to resolve or rectify the dispute with Appellant before arbitration was initiated, thereby undermining the basis for the state court proceedings[;]
>
> 2. Whether the trial court entered judgment despite Appellee initiating the state court action without proper notice to Appellant, and whether this lack of notice constitutes a fundamental procedural defect warranting reversal[;]

---

[1]The alleged contents of the USB drive do not appear anywhere in the record.

4

3.      Whether the trial court violated Appellant's procedural due process rights by failing to review the full record or provide Appellant with a meaningful opportunity to be heard before rendering the final judgment[;]

4.      Whether the trial court abused its discretion by entering judgment while critical dispositive motions—including a Motion to Vacate the Order Granting Retention and a Motion for Sanctions—remained pending, unopposed, and unadjudicated[; and]

5.      Whether the trial court failed to address or acknowledge Appellant's formal and noticed concerns about the misconduct of its own court coordinator Tracy J Laffoon, thereby depriving Appellant of an impartial forum and compounding the denial of procedural due process.

Jennings has forfeited her complaints due to inadequate briefing. Notwithstanding Jennings's forfeited complaints, we conclude that the trial court did not err when it confirmed the arbitration award.

## A. Standard of Review

Texas law favors arbitration. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016); *Brady v. Brady*, Nos. 02-23-00163-CV, 02-23-00164-CV, 2024 WL 637266, at *6 (Tex. App.—Fort Worth Feb. 15, 2024, pet. denied). "[B]ecause Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *Hoskins*, 497 S.W.3d at 494. An arbitration award is given the same effect as a judgment of a court of last resort, all reasonable presumptions are indulged in favor of the award, and the trial court must confirm the award "[u]nless grounds are offered for vacating, modifying, or correcting an [arbitration] award." Tex. Civ. Prac. & Rem. Code § 171.087; *Brady*, 2024 WL 637266, at *7; *see Hoskins*, 497 S.W.3d at 494–95 (noting

5

that "[t]he statutory text could not be plainer" and that "*unless* a statutory vacatur ground is offered [to the trial court], the court *shall* confirm the award").

The party seeking to vacate the arbitration award bears the burden of proving grounds for doing so. *See 2016 Parkview Condos. Dev., LLC v. Button*, No. 02-23-00252-CV, 2024 WL 1318245, at *4 (Tex. App.—Fort Worth Mar. 28, 2024, no pet.); *Acra v. Bonaudo*, No. 05-17-00451-CV, 2018 WL 3238133, at *2 (Tex. App.—Dallas July 3, 2018, no pet.); *Banc of Am. Inv. Servs., Inc. v. Lancaster*, No. 2-06-314-CV, 2007 WL 2460277, at *7 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.). This burden includes presenting a complete record that establishes the grounds for vacatur. *Denbury Onshore, LLC v. Texcal Energy S. Tex., L.P.*, 513 S.W.3d 511, 515 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The available grounds for vacating an arbitration award are statutorily delineated in the Texas Arbitration Act (TAA).[2] *See* Tex. Civ. Prac. & Rem. Code §§ 171.088, .091; *see Hoskins*, 497 S.W.3d at 494 (clarifying that "the TAA leaves no room for courts to expand on those grounds, which do not include an arbitrator's manifest disregard of the law"). A court shall vacate an award if (1) "the award was obtained by corruption, fraud, or other undue means"; (2) an arbitrator's actions prejudiced the rights of a party; (3) "the arbitrators . . . exceeded their powers" or "refused to hear evidence material to the controversy"; or (4) "there was no

---

[2]In her appellate briefing, Jennings cites neither the TAA nor the Federal Arbitration Act (FAA). Vandergriff, however, cites the TAA, and both parties otherwise appear to agree that the TAA applies.

6

agreement to arbitrate, the issue was not adversely determined in a proceeding [to compel or stay arbitration,] and the party [seeking vacatur] did not participate in the arbitration hearing without raising the objection." Tex. Civ. Prac. & Rem. Code § 171.088(a)(1)–(4).

We review a trial court's decision to confirm an arbitration award de novo. *Brady*, 2024 WL 637266, at *7. Without an arbitration transcript, we must presume the arbitration evidence adequately supported an award. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684–85 (Tex. App.—Dallas 2010, pet. denied); *Jamison & Harris v. Nat'l Loan Invs.*, 939 S.W.2d 735, 737 (Tex. App.—Houston [14th Dist.] 1997, writ denied).

## B. Analysis

With permission from this court—given for the purpose of obtaining an appellant's brief that complies with the appellate rules and our local rules—Jennings has filed three appellant's briefs. None have been fully compliant.

The Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing"); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (stating that proper substantive analysis "is not done by merely uttering

7

brief conclusory statements, unsupported by legal citations"). As the reviewing court, we are not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied). Nor are we required to "become advocates for a particular litigant" by performing our own research and developing argument for that litigant. *Perkins v. Hicks*, No. 02-19-00207-CV, 2020 WL 7393334, at *1 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (mem. op.) (quoting *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.)).

An inadequately briefed issue may not preserve error on appeal. Tex. R. App. P. 38.9; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing that error may be waived by inadequate briefing); *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446–47 (Tex. App.—Fort Worth 2023, pets. denied) (holding that "wholly inadequate" briefing does not present an adequate appellate issue). Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with counsel. *Id.*

Jennings's third amended brief—and her reply brief—does not include "appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1(i).

Throughout her brief, Jennings either does not provide any citations to the record for a particular issue or, if she does at all, provides one record citation at the end of multiple sentences or paragraphs, apparently intending for a single record citation to broadly cover an entire argument. Further, the record citations that do appear in Jennings's brief do not cite to any evidence or otherwise support the contentions that she appears to make. For example, Jennings cites to page fifty-nine of the clerk's record and asserts that it "contains a documented guarantee and or offer of settlement." But page fifty-nine of the clerk's record is a photocopy of a USB flash drive—the contents of which do not appear in the record. The remaining record citations in Jennings's brief cite not to any alleged evidence but to the motions and pleadings filed in the trial court.

Jennings's citations to legal authority are also wholly inadequate. For some of her issues, Jennings does not include any citations to legal authority. For her issues that do contain citations to legal authority, the cases that she cites either do not exist or do not state or support the proposition for which she cites them. For example, Jennings cites "*In re Katherine S.*, . . . 118 S.W.3d 743, 746 (Tex. 2003)" for the proposition that courts have "a duty to correct unfairness created by court officers or staff." That case, however, does not exist. Jennings also cites at least three other cases that do not exist.

Jennings similarly attributes certain quotes to the Texas Supreme Court that do not exist. For example, she represents that in *Lane Bank Equipment Co. v. Smith Southern*

9

*Equipment, Inc.*, 10 S.W.3d 308, 315 (Tex. 2000), the supreme court stated that "a judgment is premature if the trial court renders it before disposing of pending motions that might affect the judgment." That quote, however, does not appear anywhere in that case. *See generally id.* Moreover, *Lane Bank Equipment Co.* stands for the proposition that a post-judgment motion for sanctions constitutes a motion to modify, correct, or reform the judgment under Rule 329b(g). *Id.* at 312.

The other cases cited by Jennings likewise do not support the proposition for which she cites them. For example, she cites *PNS Stores v. Rivera*, 379 S.W.3d 267, 273–74 (Tex. 2012), for the proposition that trial courts "must consider [the] record as a whole" and that "judgment without consideration of material evidence violates due process." However, that case involved an appeal from a summary judgment dismissal of a direct and collateral attack, and the supreme court's reference to due process related to whether the record affirmatively demonstrated a jurisdictional defect sufficient to void a judgment. *Id.*

In another example, Jennings cites *In re D.W.*, 249 S.W.3d 625, 639 (Tex. App.—Fort Worth), *pet. denied*, 260 S.W.3d 462 (Tex. 2008), for the proposition that "courts commit reversible errors when they ignore a party's objections to procedural misconduct or irregularities." But in *D.W.*, an appeal from an order terminating the appellant's parental rights, this court reviewed the denial of a motion to extend and analyzed the applicability and constitutionality of certain provisions of the Texas Family Code. *Id.* at 629.

10

Importantly, Jennings does not argue any of the limited grounds on which a trial court may vacate an arbitration award. *See* Tex. Civ. Prac. & Rem. Code § 171.088(a)(1)–(4). We are mindful of the difficulties that pro se litigants face. However, we may not make Jennings's arguments for her. *See In re C.R.*, No. 02-25-00152-CV, 2025 WL 3301062, at *2 (Tex. App.—Fort Worth Nov. 26, 2025, pet. denied) (noting that an appellate court cannot "abandon [its] role as a neutral adjudicator and assume the role of an advocate"); *Thiessen v. Fidelity Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at *3 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (overruling appellant's issues as inadequately briefed and unpreserved and affirming judgment confirming arbitration award).

Further, Jennings has failed to provide a complete record that establishes the grounds for vacatur. *See Denbury Onshore, LLC*, 513 S.W.3d at 515. There is no reporter's record of the arbitration proceeding, so we must presume that the arbitration award was supported by evidence. *See Centex/Vestal*, 314 S.W.3d at 685; *Jamison & Harris*, 939 S.W.2d at 737. As for the record before us, it is devoid of any evidence presented to the arbitrator or to the trial court. Nothing in the record suggests that Jennings was not given a meaningful opportunity to be heard; rather, the record shows that Jennings explicitly refused to participate in or even attend the confirmation hearing. Accordingly, we conclude that the trial court did not err by confirming the arbitration award.

### III. Conclusion

11

Having concluded that Jennings has forfeited her complaints due to inadequate briefing and that the trial court did not err when it confirmed the arbitration award, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: May 28, 2026